UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE: FELIPE D. MERCEDES                              CHAPTER 7
                                                        BK No. 05-13967

| | | |
|---|---|---|
| FELIPE D. MERCEDES | : | |
| Plaintiff, | : | A.P. No. |
| | : | |
| VS. | : | |
| | : | |
| DOMESTIC BANK, | : | |
| MORTGAGE ELECTRONIC | : | |
| REGISTRATION SYSTEMS, INC. as | : | |
| nominee for Domestic Bank | : | |
| Defendants. | : | |

COMPLAINT FOR DECLARATORY, EQUITABLE AND OTHER RELIEF

I. PRELIMINARY STATEMENT

1. The Plaintiff, Felipe D. Mercedes, files this complaint against Defendants Domestic Bank and Mortgage Electronic Registration Systems, Inc. (hereinafter "Domestic Bank and MERS") to secure declaratory relief, enforce rescission and receive damages as offsetts for violations of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, in connection with his residential mortgage transaction.

II. JURISDICTION

2. This proceeding is instituted pursuant to 28 U.S.C. Sections 1334 and 157. Specifically, the matters raised in this action, namely, the determination of the validity, extent and priority of a lien, involve a "core proceeding" within the jurisdiction of this Court pursuant to

1

28 U.S.C. Section 157(b)(2)(K).

3. Venue in this District is proper under 28 U.S.C. §1391 (b) and (c) because Defendants are engaged in business in this District. Defendants are therefore deemed to reside in this District under 28 U.S.C. §1391(c).

### III. PARTIES

4. The Plaintiff, Felipe D. Mercedes, is the debtor in this Chapter 7 proceeding and is a resident of the State of Rhode Island. The Plaintiff is the owner of his residence located at 160-162 Whittier Avenue, Providence, RI 02909.

5. The Defendant, MERS is the nominee for Domestic Bank of a certain mortgage secured by the Plaintiff's residence.

6. At the time of the mortgage transaction between Plaintiff and Defendant, Domestic Bank, Domestic Bank entered into more than 5 transactions per year in which credit was extended that was secured by the principal residence of a consumer and was used for purposes other that the initial acquisition or construction of the residence. Domestic Bank is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

### IV. FACTUAL ALLEGATIONS

7. On or about October 30, 2003 Plaintiff and his non-debtor spouse entered into a consumer loan transaction, a mortgage, with Domestic Bank. This mortgage refinanced a mortgage held by a different lender and all of the proceeds thereof were used for personal, household and family related purposes.

8. At the time of the loan closing referenced above, the Plaintiff was not provided copies

2

of any of the required material disclosures of 15 U.S.C. §1602(u). In fact, the Plaintiff left the closing without any of the statutorily required disclosures, having not been provided any copies by the closing agent.

9. Several days after the October 30, 2003 consummation of the loan, Plaintiff received copies of the disclosures and other pertinent closing documentation that were executed several days prior. Included in said documents was a Notice of Right To Cancel, a copy of which is attached hereto as Exhibit A.

10. The Notice of Right To Cancel received by the Plaintiff after the closing was defective and confusing as it contained a deadline to rescind of November 3, 2003, which had already transpired by the time the Plaintiff received said document.

11. Upon information and belief, Domestic Bank treated and intended the November 3, 2003 date contained on the Notice of Right to Cancel received by the Plaintiff as the deadline in which the Plaintiff could rescind the transaction.

12. Because the transaction was secured by Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> (a) **Consumer's right to rescind.**
>
> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed**

3

for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires. . . .

(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

**(2) A credit plan in which a state agency is a creditor.**

13. Upon information and belief, Domestic Bank disbursed the loan proceeds on November 5, 2003 as indicated by copies of the attached checks. Copies of disbursement checks dated November 5, 2003 are incorporated by reference and attached as Exhibit B. Accordingly, Domestic violated the Delay of Creditor's Performance Rule as referenced in Federal Reserve Board Regulation Z, 12 C.F.R. part 226.23 and disbursed funds during the three day period after the Plaintiff received his material disclosures.

14. On or about October 4, 2005, the Plaintiff exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent via certified mail to Domestic Bank. A Copy of the notice is attached as Exhibit C.

15. On or about January 11, 2006, the Plaintiff exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent via certified mail to MERS. A Copy of the notice is attached as Exhibit D.

16. This correspondence was received by both Defendants.

17. Defendant, Domestic Bank acknowledged receiving the Plaintiff's demand but failed to honor it and to remove the mortgage lien secured by Plaintiff's residence.

## COUNT I

## TRUTH IN LENDING ACT VIOLATIONS

18. Plaintiff incorporates ¶¶ 1-17 as if fully set out herein.

19. Domestic Bank failed to give Plaintiff clear and conspicuous notice of his right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23. Accordingly, the Plaintiff is

entitled to rescind the mortgage.

20. Domestic Bank violated the Delay of Performance Rule, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23. Accordingly, the Plaintiff is entitled to rescind the mortgage.

21. The failure of the Defendant, MERS to respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiff to an award of statutory damages.

22. Defendant, MERS, as nominee for Domestic Bank is liable for all claims including rescission as alleged by Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants Domestic Bank and MERS as follows:

    1. A declaration that Plaintiff is entitled to rescind ;

    2. Rescission of the loan;

    3. Statutory Damages;

    4. Attorney's fees, litigation expenses and costs.

    5. Such other relief as the Court deems appropriate.

Respectfully submitted,

/s/Christopher M. Lefebvre
LAW OFFICES OF CLAUDE
LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
R.I. Bar No. 4019

# Exhibit A

## NOTICE OF RIGHT TO CANCEL

16731

**Your Right To Cancel**

You are entering into a transaction that will result in a security interest in your home. You have a legal right under Federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:
   (1)   the date of the transaction, which is   **OCTOBER 30, 2003**         ; or
   (2)   the date you received your Truth in Lending disclosures; or
   (3)   the date you received this notice of your right to cancel.
If you cancel the transaction, the security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the security interest in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**How to Cancel**

If you decide to cancel this transaction, you may do so by notifying us in writing, at:
**DOMESTIC BANK, A FEDERAL SAVINGS BANK
815 RESERVOIR AVENUE
CRANSTON, RHODE ISLAND 02910**

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.
If you cancel by mail or telegram, you must send the notice no later than midnight of   **NOVEMBER 03, 2003**
(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

_____                    Date: _____
Consumer's Signature

The undersigned acknowledges receipt of two copies of the foregoing "Notice of Right to Cancel," as well as one copy of other Truth in Lending disclosures.

_____                    Date: **OCTOBER 30, 2003**
Consumer's Signature

# Exhibit B

LIBERTY TITLE & ESCROW COMPANY
CLIENTS ESCROW ACCOUNT
COMM CREDIT

1003

11/5/2003

7,747.00

Domestic Bank     MERCEDES 03-5385

7,747.00

1007

14,085.21

11/5/2003

LIBERTY TITLE & ESCROW COMPANY
CLIENTS ESCROW ACCOUNT
FELIPE D. MERCEDES

MERCEDES  03-5385

Domestic Bank

14,085.21

# Exhibit C

FROM THE OFFICE OF THE
FAMILY AND CONSUMER LAW CENTER
WWW.RICONSUMERLAW.COM
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.
ATTORNEYS & COUNSELORS AT LAW

October 4, 2005

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

Domestic Bank
815 Reservoir Ave.
Cranston R.I. 02910

Re:  Notice of Rescission by Adelaida D. Mercedes and Felipe D. Mercedes, 160-162 Whittier Avenue Providence, R.I. 02909, Loan Number: 16731, Closing Date 10/30//2003.

To Whom It May Concern:

I represent Adelaida and Felipe Mercedes concerning the loan transaction they entered into with Domestic Bank on October 30, 2003. Please be advised that I have been authorized by my clients to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635, Regulation Z, Section 226.23.

The primary basis for the rescission is that Mr. and Mrs. Mercedes were not provided with a copy of the notice of their right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a), Regulation Z, Section 226.17, Section 226.23.

The security interest held by Domestic Bank and or any assignee thereto on Mr. and Mrs. Mercedes's property located at 160-162 Whittier Ave. Providence, R.I. 02909 is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my clients all monies paid and to take action necessary and appropriate to terminate the security interest.

Very truly yours,
Felipe D. Mercedes
Adelaida D. Mercedes
By their Attorney,

Christopher M. Lefebvre
P. O. Box 479
Pawtucket, RI 02862

S:\WPFILES\TILA CASES\RhodeIsland\howardNCM-HowardRecissionLetter.wpd

TWO DEXTER STREET, P.O. BOX 479   PAWTUCKET RI 02862   PHONE: (401) 728-6060   FAX: (401) 728-6534

# Exhibit D

FROM THE OFFICE OF THE
FAMILY AND CONSUMER LAW CENTER

WWW.RICONSUMERLAW.COM
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

ATTORNEYS & COUNSELORS AT LAW

January 11, 2006

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

Mortgage Electronic Registration Systems, Inc.
MERS
PO Box 2026
Flint, MI 48501-2026

Re:   Notice of Rescission by Adelaida D. Mercedes and Felipe D. Mercedes, 160-162 Whittier Avenue Providence, R.I. 02909, Loan Number: 16731, Closing Date 10/30//2003.

To Whom It May Concern:

I represent Adelaida and Felipe Mercedes concerning the loan transaction they entered into with Domestic Bank on October 30, 2003. Please be advised that I have been authorized by my clients to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635, Regulation Z, Section 226.23.

The primary basis for the rescission is that Mr. and Mrs. Mercedes were not provided with a copy of the notice of their right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a), Regulation Z, Section 226.17, Section 226.23.

The security interest held by Domestic Bank and or any assignee thereto on Mr. and Mrs. Mercedes's property located at 160-162 Whittier Ave. Providence, R.I. 02909 is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my clients all monies paid and to take action necessary and appropriate to terminate the security interest.

Very truly yours,
Felipe D. Mercedes
Adelaida D. Mercedes
By their Attorney,

Christopher M. Lefebvre
P. O. Box 479
Pawtucket, RI 02862

S:\WPFILES\TILA CASES\Rhodelsland\Mercedes\Mercedes rescission.wpd

TWO DEXTER STREET, P.O. BOX 479    PAWTUCKET, RI 02862    PHONE: (401) 728-6060    FAX: (401) 728-6534